**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0464, <u>Loretta Peterson v. Rock Bastianelli</u>, the court on January 13, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Rock Bastianelli, appeals the final order of the Circuit Court (<u>Rappa</u>, J.), after a hearing at which he failed to appear, finding him to be in violation of RSA 540-A:3, I (2015), ordering him to pay statutory damages to the plaintiff, Loretta Peterson, in the amount of $20,000 plus costs, and ordering him to repair any housing, health, or building code violations related to the plumbing or waste disposal systems in the leased premises. The defendant argues that the court erred in issuing its order because he lacked notice of the hearing.

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>See</u> <u>LaMontagne Builders v. Bowman Brook Purchase Group</u>, 150 N.H. 270, 274 (2003); <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues in the trial court. <u>Bean</u>, 151 N.H. at 250. Because our rules affirmatively require the appellant both to provide a sufficient record on appeal and to demonstrate where each question presented on appeal was raised below, <u>see</u> <u>Sup Ct. Rs</u>. 13, 16(3)(b), we may consider the defendant's failure to comply with these requirements regardless of whether the plaintiff objects on those grounds, <u>Bean</u>, 151 N.H. at 250.

The record fails to demonstrate that the defendant raised with the trial court his claim that he lacked notice of the final hearing. Moreover, because the defendant failed to provide a transcript of the hearing, we must assume that the evidence was sufficient to support the trial court's order. See Atwood v. Owens, 142 N.H. 396, 396 (1997).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**